DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

———————————————

MICHAEL PUGH, II and ALAINA PUGH,

Appellants,

v.

ASI PREFERRED INSURANCE CORPORATION,

Appellee.

No. 2D2025-2108

———————————————

July 29, 2026

Appeal pursuant to Fla. R. App. P. 9.130 from the Circuit Court for
Pinellas County; Michael F. Andrews, Judge.

Jeremy D. Bailie and Sandford B. Kinne of Weber, Crabb & Wein, P.A.,
St. Petersburg, for Appellants.

Joshua S. Beck of Beck Law, P.A., Boca Raton, for Appellee.

KELLY, Judge.

Michael and Alaina Pugh appeal from the nonfinal order dismissing
without prejudice their breach of contract action against ASI Preferred
Insurance Corporation (ASI). The Pughs argue that the trial court
abused its discretion in dismissing their complaint for forum non
conveniens because the complaint was properly filed in Pinellas County,
where the company has its principal place of business, and because ASI
failed to prove that Palm Beach County is a more convenient venue. ASI

correctly concedes error on the basis of *Simek v. Heritage Property & Casualty Insurance Co.*, 421 So. 3d 478, 480 (Fla. 2d DCA 2025) (reversing the order transferring venue from the county where the insurer kept its principal place of business to the county where the insured's home was located because no evidence was presented showing that the plaintiff's choice of venue was inconvenient for the parties or witnesses).

Section 47.011, Florida Statutes (2022), provides that "[a]ctions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located." When the defendant is a domestic corporation, the plaintiff may file a lawsuit "in the county where such corporation has, or usually keeps, an office for transaction of its customary business." § 47.051. "It is the plaintiff's prerogative to initially select the venue in accordance with the applicable venue statute . . . ." *Simek*, 421 So. 3d at 479-80 (quoting *Hightower v. Est. of Lyman*, 58 So. 3d 377, 379 (Fla. 2d DCA 2011)). A court may transfer a civil action to any other legally permissible venue "[f]or the convenience of the parties or witnesses or in the interest of justice." § 47.122; *see also Johnson v. Johnson*, 288 So. 3d 745, 748 (Fla. 2d DCA 2019). But "[t]he trial court's discretion to transfer under [s]ection 47.122 is not unbridled and must be predicated upon a showing that the parties or witnesses will suffer substantial inconvenience or undue expense due to the chosen forum." *Gov't Emps. Ins. Co. v. Burns*, 672 So. 2d 834, 836 (Fla. 3d DCA 1996).

The Pughs chose to file their complaint in Pinellas County, one of the legally acceptable venue options under sections 47.011 and 47.051. ASI moved to dismiss the Pughs' complaint arguing that Palm Beach County was the more convenient forum because it was where the insured property and the witnesses were located. At this juncture, the burden

shifted to ASI to present affidavits or other evidence proving that substantial inconvenience, undue expense, or the interest of justice required the change in venue. *See Fla. Health Scis. Ctr., Inc. v. Elsenheimer*, 952 So. 2d 575, 578-79 (Fla. 2d DCA 2007) ("To overcome a plaintiff's venue choice, the defendant must submit affidavits or other sworn proof."). ASI did not do so. Dismissing the Pughs' complaint on the ground of forum non conveniens without the requisite evidentiary support was an abuse of discretion. Accordingly, we reverse and remand for further proceedings.

Reversed and remanded.


ROTHSTEIN-YOUAKIM and SMITH, JJ., Concur.

_____

Opinion subject to revision prior to official publication.